■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL WILLIAMS, Appellant.—Judgment, Supreme Court, New York County, rendered April 21, 1977, convicting defendant of robbery in the first degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed. Defendant raises several issues, only one of which warrants discussion. In his summation the prosecutor made a series of statements, which, defendant contends, demonstrated "a malicious intent to inflame and deceive the jury" by "portraying the case as a symbolic test of the court's ability to function": "In this one case, we're truly testing whether or not the Court can really function and meet the needs of the community [objection sustained]. We're testing whether or not a skillful lawyer can get a criminal, an obvious criminal, based upon the evidence of— [objection sustained]. What each of you have to do in this case is simple. You have to make a decision. If you can live with your consciences by turning this proven robber here in court and cop fighter out of the court without a conviction, go right ahead

[objection sustained]. If we can't get a conviction in a case like this, forget it. The citizens, not the police, got a predator like Lionel Williams off the street [objection sustained]." Such comments, with their blatant appeal to a collective instinct for retribution, were improper since they tended to mischaracterize the issue before the jury as the continued integrity of the judicial system, rather than defendant's guilt or innocence. However reprehensible, we do not believe that these comments deprived defendant of a fair trial. The court sustained objections to the statements as they were made, and issued a stern admonition to the prosecutor. In view of the court's corrective measures, no error warranting reversal was committed. We also observe that defendant, represented by experienced counsel, did not view these comments as sufficiently prejudicial to warrant a motion for a mistrial. Concur—Sandler, J. P., Sullivan, Bloom, Lupiano and Ross, JJ.